# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

DAVID L. YOUNG, SR.,          )
                                      )
                Plaintiff,     )
                                        )
v.                                  )     Case No. 6:12-CV-03443-BCW
                                        )
WAYNESVILLE R-VI SCHOOL     )
DISTRICT, et al.,             )
                                        )
                Defendants.    )

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court are Defendant's Motion to Dismiss Claims Against All Defendants, or in the Alternative, Individual Defendants' Motion to Dismiss All Claims Against All Individual Defendants (Doc. #11) and Plaintiff's Application for Appointment of Counsel (Doc. #22). Defendant Waynesville R-VI School District ("School District") seeks to dismiss this matter in favor of all Defendants pursuant to the statute of limitations. Alternatively, Defendants Dr. Judene Blackburn, Dr. Jon W. Oetinger, Darrel Vaughan, Dr. Thomas Elliott, Emma Clark, and Marie Freeman ("Individual Defendants") seek to be dismissed from this matter because no liability exists under Title VII of the Civil Rights Act for individuals.

The Court being duly advised of the premises, for good cause shown, having carefully considered the parties' arguments, and for the reasons stated below, grants Defendants' motion to dismiss on the asserted grounds.

## BACKGROUND

On June 30, 2011, Plaintiff was issued a Notice of Suit Rights from the Equal Employment Opportunity Commission ("Notice"). The Notice states Plaintiff has ninety

Case 6:12-cv-03443-BCW   Document 31   Filed 01/17/13   Page 1 of 5

(90) days from receipt of the Notice to file a lawsuit. The Notice also states if Plaintiff does not file a lawsuit within ninety (90) days from receipt of the Notice, then his "right to sue based on this charge will be lost." On September 15, 2011, Plaintiff filed a lawsuit against the School District in the United States District Court for the Western District of Missouri ("Previous Suit").[1] The Court dismissed the Previous Suit without prejudice due to Plaintiff's failure to properly serve the School District pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. See 6:11-CV-03354, Doc. #17. Plaintiff then re-filed this matter on September 25, 2012 against the School District and the Individual Defendants. See Doc. #1.

## MOTION TO DISMISS STANDARD

The standard governing motions to dismiss is well-settled. When ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the [nonmoving party]" and must also draw all reasonable inferences in favor of the nonmoving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). Further, *pro se* complaints must be liberally construed. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). However, the Court may dismiss a complaint if it is beyond doubt no relief can be granted under any set of facts that could be proved consistent with the complaint. See Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir. 2002); Breedlove v. Earthgrains Baking Cos., 140 F.3d 797, 799 (8th Cir. 1998).

## DISCUSSION

The Court finds dismissal of all of Plaintiff's claims is proper because the claims are barred by the statute of limitations and there is no individual liability under Title VII.

---

[1] Case number 6:11-CV-03354.

A plaintiff seeking to file a lawsuit under Title VII must file it within ninety (90) days of receiving the right to sue letter. 42 U.S.C. § 2000E-5(F)(1). Here, Plaintiff had ninety (90) days from June 30, 2011 to file this lawsuit, or until about September 28, 2011. Although Plaintiff filed the Previous Lawsuit before September 28, 2011, this matter was filed on September 25, 2012, which is about four-hundred fifty (450) days after June 30, 2011. Plaintiff does not present any argument or evidence demonstrating any applicable theory that would render his claims timely, such as waiver, estoppel, or equitable tolling. The fact this matter is a re-filed lawsuit is irrelevant because the 90-day statute of limitations is not "tolled by the filing and pendency of a case previously dismissed without prejudice." Ransom v. Winter, No. 4:06-CV-1702, 2009 U.S. Dist. LEXIS 7872, at *15 (E.D. Mo. Feb. 4, 2009); see also Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995) ("A dismissal without prejudice does not toll a statute of limitation. . . . Indeed, its effect is just the opposite. Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed."). Thus, all of Plaintiff's claims are barred by the 90-day statute of limitations.

Furthermore, it is well-established no individual liability exists under Title VII. Baker v. MFA Enters., No. 10-CV-3151, 2010 U.S. Dist. LEXIS 91268, at *4 (W.D. Mo. Sept. 2, 2010); Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997). Here, Plaintiff asserts claims against the School District and six school district employees, the Individual Defendants. Plaintiff argues individual liability exists under Title VII and cites to Barnes v. Dolgencorp, Inc., No. 06-CV-632, 2006 U.S. Dist. LEXIS 68703 (W.D. Mo. Sept. 14, 2006) and Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238 (Mo. App. 2006) in support of his argument. However, these cases are

inapplicable to this matter because their holdings apply to claims brought under the Missouri Human Rights Act, not claims brought pursuant to Title VII. Since no individual liability exists under Title VII, Plaintiff's claims against the Individual Defendants under Title VII fail. Therefore, all of Plaintiff's claims against the Individual Defendants are dismissed.

## MOTION TO APPOINT COUNSEL

Although a civil litigant does not have a constitutional or statutory right to a court-appointed attorney, the Court may make such an appointment at its discretion. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Rayes v. Johnson, 969 F.2d 700, 702-03 (8th Cir. 1992) (citing 28 U.S.C. § 1915(e)).

The Eighth Circuit has identified factors the Court must consider with a request for court-appointed counsel. Rayes, 969 F.2d at 703. The Court must consider the party's inability to obtain counsel on its own and the party's need for an attorney. Id.; In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986) (citation omitted). The inquiry into a party's need for counsel should focus on the following non-exclusive factors: (1) the factual and legal complexity of the case; (2) the party's ability to investigate the facts and present the claim; (3) the existence of conflicting testimony; and (4) the likelihood the party and the Court will benefit from the assistance of counsel. Rayes, 969 F.2d at 703; In re Lane, 801 F.2d at 1043-44.

Furthermore, the party should make "a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir. 1981). In Bradshaw, the court found contacting ten (10) attorneys was sufficient. Another court found contacting four (4) attorneys satisfied the diligence

- 4 -

requirement.  See Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local No. 36, 614 F.2d 529, 531 (5th Cir. 1980).

The Court, being duly advised of the premises in the record and after weighing the factors articulated above, finds an appointment of counsel to represent Plaintiff is not warranted in this matter.

## CONCLUSION

Plaintiff's Complaint is barred by the statute of limitations and, further, the Individual Defendant cannot be held liable for claims under Title VII of the Civil Rights Act.  Accordingly, it is hereby

ORDERED Defendant's Motion to Dismiss Claims Against All Defendants, or in the Alternative, Individual Defendants' Motion to Dismiss All Claims Against All Individual Defendants (Doc. #11) is GRANTED.  It is further

ORDERED Plaintiff's Application for Appointment of Counsel (Doc. #22) is DENIED AS MOOT.  It is further

ORDERED this matter is dismissed without prejudice.

IT IS SO ORDERED.


DATED: January 17, 2013

/s/ Brian C. Wimes                                  
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT